UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROMAN WARNER, | ) |
| | ) |
| Petitioner, | ) |
| | ) NO. 3:05-CV-234 PS |
| vs. | ) |
| | ) |
| CECIL DAVIS, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This case is before the Court on Petitioner Warner's Motion for Reconsideration. Mr. Warner's Petition was previously dismissed without prejudice for failure to pay the filing fee. Mr. Warner did in fact timely pay the filing fee in this case so the Motion for Reconsideration of the dismissal is granted. However, the Petition is dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1), which imposes a one-year statute of limitations on state prisoners seeking habeas corpus relief.

Mr. Warner was directed to show cause why his Petition should not be dismissed as untimely. In response, Mr. Warner submitted the state court docket sheets that establish that he was convicted on August 31, 1974. He filed a direct appeal, as well as several other motions for collateral relief, including a petition for post conviction relief on June 30, 1983. Mr. Warner says that a second petition for post conviction relief was filed on January 4, 1990, but that he was not informed of the outcome of that petition until October 10, 2003 when he received a letter from the state public defender's office indicating his request had been denied.

According to the state court docket sheets, Mr. Warner also filed a motion for modification of sentence on February 7, 1996, which was denied on February 15, 1996. He filed a belated notice of appeal in state court on January 9, 2004, which was denied on May 27, 2004.

Mr. Warner seeks leave to proceed with this federal Petition for writ of habeas corpus.

Pursuant to 28 U.S.C. § 2244(d)(1)(A), Mr. Warner had one year from "the expiration of the time for seeking [direct] review" to file his habeas petition. Because he was convicted prior to the effective date of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, Warner had until April 24, 1997 to file his petition. *See Balsewicz v. Kingston*, 425 F.3d 1029, 1032 (7th Cir. 2005). Mr. Warner's state petition for post conviction relief was denied in January 1990. However, he believed it was still pending until 2003 when he was finally informed that it actually been denied over 13 years earlier. This misunderstanding by Mr. Warner does not toll the statute of limitations.

28 U.S.C. § 2244(d) states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Mr. Warner's claim is that it is the fault of his post conviction counsel that the statute of

limitations was allowed to run. However, "attorney misconduct, whether labeled negligent, grossly negligent, or willful, is attributable to the client" and thus is not a circumstance beyond Mr. Warner's control that might excuse his untimely Petition. *Modrowski v. Mote*, 322 F.3d 965, 968-69 (7th Cir. 2003). In *Modrowski*, the petitioner was one day late in filing his § 2254 petition. *Id.* at 966. The delay was caused by his attorney's illness. *Id.* The court held that equitable tolling did not apply in that situation. The court noted, "We rarely deem equitable tolling appropriate–in fact, we have yet to identify a circumstance that justifies equitable tolling in the collateral relief context." *Id.* at 967. Therefore, Mr. Warner's post conviction counsel's failure to notify him of the dismissal does not equitably toll the statute of limitations with respect to his Petition.

Mr. Warner's Petition for writ of habeas corpus must be denied on its face based on Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, which allows for the dismissal of a petition, because it plainly appears from the face of this Petition that Mr. Warner is not entitled to relief. *See Dellenbach v. Hanks*, 76 F.3d 820, 822-23 (7th Cir. 1996).

Accordingly, Mr. Warner's Motion for Reconsideration [Doc. 7] is **GRANTED**. After the Court's re-consideration of Mr. Warner's Petition for Writ of Habeas Corpus, the Petition is **DISMISSED WITH PREJUDICE** as untimely.

**SO ORDERED**.

ENTERED: January 12, 2006

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
